# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA
## WESTERN DIVISION

| | | |
|---|---|---|
| RONALD F. FISCHER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 1:19-cv-00152-DMT-CRH |
| | ) | |
| UNITED STATES LIFE INSURANCE | ) | |
| COMPANY IN THE CITY OF NEW YORK | ) | |
| AND AMERICAN INTERNATIONAL | ) | |
| GROUP, INC., DISABILITY INSURANCE | ) | |
| SPECIALISTS, LLC, AND HARTFORD | ) | |
| LIFE AND ACCIDENT INSURANCE | ) | |
| COMPANY | ) | |
| | ) | |
| Defendants. | ) | |

## STIPULATED PROTECTIVE ORDER

The parties have agreed that it is in their best interest to protect the confidentiality of certain information that may be exchanged in this matter. Pursuant to the stipulation of the parties and the Court being advised in the premises,

IT IS HEREBY ORDERED THAT:

1. <u>Use of Documents:</u>   All documents and information produced in discovery in this case shall be used by the opposing party and their attorneys or agents only for the purposes of this litigation and for no other purpose.  Nothing in this Agreement limits a party's right to use its own documents or information, or documents or information obtained from an independent source.

2. <u>Confidential Information:</u>   "Confidential Information" means any type of information that is designated as confidential by the producing party and is technical, commercial, proprietary, or financial information that is used in the producing party's business, which the producing party takes reasonable measures to keep a secret and is not readily

ascertainable through proper means by the public.

      3.     Persons Eligible to View Confidential Information:  Only "Qualified Persons" are authorized to view Confidential Information in this case.  Qualified Persons are defined as:

      (a)     The parties;

      (b)     Attorneys of record in this case and their supporting staff;

      (c)     Court reporters, stenographers, clerks, law clerks, and personnel employed by the Court;

      (d)     Officers, directors, and/or employees expressly designated by each party who agree to be bound by the terms of this Order;

      (e)     Any person, including experts retained by either party for purposes of this case, that an attorney of record in this case reasonably believes needs to review Confidential Information to assist in this case;

      (f)     Any other person who is designated as a Qualified Person by Order of the Court, after notice to all parties, or who, by written agreement of the parties, is designated as a Qualified Person;

      (g)     Any person designated as a Qualified Person under paragraphs (3)(d), (3)(e), and (3)(f), above, must complete and sign a Confidentiality Statement in the form of Exhibit A, attached hereto. A copy of that Statement must be given to the other party before access is allowed to the Confidential Information.

      4.     Method of Designation:  Documents and things produced which contain "Confidential Information" shall be designated as such by marking each page of the document or thing at or before the time of production with the word "CONFIDENTIAL." In lieu of marking the original document, a party may mark copies that are produced or exchanged, before or after the inspection of the originals by the other party.  The designation of materials as confidential constitutes a representation by the designating party and its counsel that they, in good faith, believe that the material so designated contains or constitutes information which is properly the subject of this Protective Order.

      5.     Effect of Designation and/or Failure to Designate:  Designation of materials as

Confidential is a representation by the designating person that there is a valid basis for such designation. Failure to designate materials as Confidential shall not be used against any party or person as an admission or concession that the materials are not eligible for designation, nor shall it constitute, be construed as, and/or have the effect of, a waiver of any kind. In the event that a person inadvertently fails to designate materials as Confidential, any person to whom the materials were produced, shall, upon written notice, designate, and thereafter treat, such materials as though designated as Confidential.

6.      Use of Confidential Information:  Confidential Information shall not be (i) made available, directly or indirectly or through paraphrasing, by the party receiving it to any persons or entities other than Qualified Persons; or (ii) used by the receiving party for any purpose other than in connection with this case.

7.      Designation of Confidential Information at Depositions:  Information disclosed at a deposition may be designated as Confidential Information by indicating (i) on the record at the deposition that the particular testimony is Confidential Information and subject to the provisions of this Protective Order, or (ii) by indicating in writing within 20 days of receipt of the transcript by counsel that the particular testimony is Confidential Information and subject to the provisions of this Protective Order. Until the 20-day period passes, the material is to be treated as if Confidential Information. If the twenty (20) day period passes without the material being so designated, such information will be deemed free of this Protective Order.

8.      Use of Confidential Information at Depositions: Notwithstanding any other provision of this Protective Order, a party may, in a deposition, show any witness Confidential Information if that witness (i) has previously seen the document, (ii) is entitled to see, in a manner which does not violate the terms of this Protective Order, the document, or (iii) agrees to

be bound by this protective order, by executing Exhibit A.  Furthermore, notwithstanding any other provision in this Protective Order, a party may, in a deposition, show any director, officers, employee, consultant or agent of the other party any document or thing produced by the other party which, (i) has been designated as Confidential Information, or (ii) was designated as Confidential Information by the offering party.

9. <u>Inapplicability of Protective Order:</u> This Protective Order shall not apply to information that: (i) was, is, or becomes public knowledge (not by a violation of this Protective Order); (ii) was or is acquired from a third party possessing such information and having no obligation of confidentiality to the designating party; (iii) was already in the receiving party's possession; or (iv) was information to which the receiving party was already a party, e.g., as the named recipient of an email or letter or as a party to a contract.

10. <u>Challenging Confidentiality Designations:</u> A party shall not be obligated to challenge the propriety of a Confidential Information designation at the time made, and a failure to do so shall not preclude a subsequent challenge to such designation.  In the event that any party to this case disagrees at any stage of these proceedings with the designation of any information as confidential, that party shall notify the party asserting confidentiality in writing as to specific objections, along with the bases for the objection. The parties shall then confer in a good faith effort to resolve any differences. If the dispute cannot be resolved, the objecting party may seek appropriate relief from this Court and the party asserting confidentiality shall have the burden of proving the same.

11. <u>Filing and Use of Confidential Material in Court:</u>  All discovery and other material filed with the Court including, inter alia, transcripts of depositions, exhibits, briefs and memoranda, which comprise or contain Confidential Information shall be filed and kept by the

Court clerk in sealed envelopes or other appropriately sealed containers on which shall be endorsed the title of this action, an indication of the contents of such sealed envelope or other container, the identity of the party filing the materials, the word "CONFIDENTIAL" and a statement substantially in the following form:

> This envelope (container) contains documents (objects) subject to the protective order entered in this action. It is not to be opened nor the contents thereof displayed, revealed or made public, except by order of the Court.

12.    <u>Return of Material Subject to Protective Order:</u> As to all Confidential Information, within 60 days after the conclusion of this case, including all appellate proceedings, originals or reproductions of any documents or things produced by a party containing Confidential Information shall be returned to the producing party or destroyed, except as required by law. Moreover, the office of each principal counsel may retain for its archive a single copy of any such materials. Principal counsel may also retain all exhibits, deposition transcripts, correspondence and papers filed with the Court clerk.  There shall be no restrictions on the disclosure or use of any trial exhibits, unless the exhibits were filed under seal and the Court has not lifted any such restriction on the same.

13.    <u>Binding Order and Survival of Proceeding:</u>  Insofar as the provisions of this Protective Order restrict the communication and use of documents or objects, such Order shall continue to be binding throughout this case and after its conclusion and until modified, superseded, or terminated by Order of the Court or by agreement of the parties.  Either party in this case may seek the written permission of the producing party or further order of the Court with respect to dissolution or modification of this Protective Order.

14.    <u>Non-Waiver of Rights:</u> This Order shall not constitute a waiver of any right(s) to:

      (a)    Object to any discovery request and withhold information and/or materials on the ground of attorney/client privilege, work product or otherwise;

      (b)    Object to the introduction of any materials as evidence at any hearing in this matter;

      (c)    Seek other and further protections as to any materials that may be offered or admitted as evidence at any hearing in this matter; or

      (d)    File any other motions that may be permitted by any applicable law or court rule.

Nothing in this Protective Order shall constitute an admission or waiver of any objection, claim or defense by any person or party.

15.    Effect on Third Parties:  Third parties who are compelled to produce documents or other evidence may do so under this Protective Order.

16.    Modifications to Order:  Any person with proper standing may, on motion or other request to the Court and for good cause shown, seek a modification of this Order.  No modification of this Order that adversely affects the protection of any materials produced by a person shall be entered without first giving the person appropriate notice and an opportunity to be heard.

17.    Advice of Counsel:  Nothing in this Order shall bar or otherwise restrict any counsel for a party from rendering advice to his client with respect to this case and, in the course thereof, relying upon his or her examination of materials designated confidential.

18.    Violations:  Any person who violates this Protective Order may be subject to sanctions, including injunctive relief, contempt orders, monetary damages, or other penalties to be determined by the Court.

Dated this 2nd day of October, 2020

/s/ Clare R. Hochhalter
Clare R. Hochhalter, Magistrate Judge
United States District Court

Approved for entry:

 /s/ Michelle T. Czapski
Michelle T. Czapski
BODMAN PLC
Attorney for US Life, AIG, Inc., and DIS

 /s/ Randall Bakke
Randall Bakke
BAKKE GRINOLDS WIEDERHOLT ATTORNEYS
Attorney for Plaintiff

 /s/ Eric Mathisen
Eric Mathisen
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
Attorney for Hartford

## CONFIDENTIALITY STATEMENT

I,_____, state that:

      [Printed Name]

1.      My address is _____.

2.      My present employer is _____.

3.      My present occupation or job description is _____.

4.      I have received a copy of the Stipulated Protective Order ("Protective Order") entered in United States District for the District of North Dakota Court Case styled as *Ronald Fischer v. United States Life Insurance Co. et al*, Case No. 1:19-cv-00152-DLH-CRH.

5.      I have carefully read and understand the provisions of the Protective Order. I will comply with all of the provisions, including holding in confidence and not disclosing to anyone not qualified under the Protective Order, any Confidential document, or information contained in a Confidential document.

6.      I hereby consent to be subject to personal jurisdiction of the United States District Court for the District of North Dakota in respect to any proceeding relative to the enforcement of the Protective Order.


_____

Signature

_____

Date