**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**

| | | |
|---|---|---|
| Ronald F. Fischer, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER GRANTING IN PART AND** |
| | ) | **DENYING IN PART DEFENDANTS'** |
| vs. | ) | **MOTION TO AMEND SCHEDULING** |
| | ) | **ORDER** |
| United States Life Insurance Company in | ) | |
| the City of New York, Disability Insurance | ) | |
| Specialists, LLC, and Hartford Life and | ) | Case No. 1:19-cv-152 |
| Accident Insurance Company, | ) | |
| | ) | |
| Defendants. | ) | |

Before the court is Defendants' Motion to Amend Scheduling Order.  For the reasons set forth below, the motion is granted in part and denied in part.

I.    **BACKGROUND**

The final pretrial conference and jury trial in this case are scheduled for April 13 and 26, 2021, respectively.

On March 25, 2020, Plaintiff and Defendants United States Life Insurance Company in the City of New York and American International Group, Inc. filed a Stipulation to Extend Scheduling/Discovery Plan.  (Doc. No. 85).  The stipulation provided the following with respect to expert disclosures, discovery depositions of exerts, and dispositive motions:

> 3.    The parties have agreed on the following deadlines for exchanging complete expert reports:
>
> September 21, 2020: Plaintiff
> November 3, 2020: Defendant
> November 30, 2020: Rebuttal

> 4.    The parties have agreed on the following deadline to complete discovery depositions

1

of expert witnesses: January 1, 2021.

5.      The parties have agreed on the following deadline for filing of motions for summary judgment: February 1, 2021.

(Id.).  On March 26, 2020, the Court issued an order adopting the stipulation and amended the pretrial deadlines accordingly.  (Doc. No.  86).

On July 9, 2020, Plaintiff filed a First Amended Complaint in which he added Disability Insurance Specialists, LLC ("DIS") and Hartford and Accident Insurance Company ("Hartford") as defendants.  (Doc. No. 118).  On July 22, 2020, he filed a Second Amended Complaint that corrected a number of minor errors but was otherwise substantively the same as his First Amended Complaint. (Doc. No. 126).  On September 25, 2020, he filed a Third Amended Complaint in which he asserted an additional claim of bad faith litigation against Defendants. (Doc. No. 152).

On January 12, 2021, Defendants filed a "Motion to Extend Scheduling Order or to Strike Plaintiff's Expert Witnesses."  (Doc. Nos. 170 and 174).  They advise that on January 8, 2021, or approximately four months after Plaintiff's expert disclosure deadline had lapsed, Plaintiff disclosed two new experts.  They assert that, in light of Plaintiff's late disclosures and given the current pretrial deadlines and trial date, full expert discovery is impossible.  Additionally, they assert that DIS and Hartford have been afforded less time to prepare and would therefore be prejudiced should this matter proceed to trial as scheduled.  Third, they assert that the present trial date is untenable given the Court's congested calendar and the health risks associated with COVID-19.  They request that the pretrial deadlines be extended and the trial continued.  Alternatively, they request that Plaintiff's experts be stricken.

On January 19, 2021, Plaintiff filed a response in opposition to Defendants' motion.  (Doc. No. 175).  First, he asserts that, during a December 10, 2020, status conference with the parties, the

2

Court in essence extended the expert discovery deadlines.  Second, he attributes his delay in disclosing his two additional experts to the difficulties he encountered when scheduling Defendants' Rule 30(b)(6) depositions.  Third, he asserts that Defendants' claims of prejudice are disingenuous.  As for Defendants' COVID concerns, he advises that he has no objection to Defendants' witnesses appearing remotely.

## II.   **DISCUSSION**

Defendants' assertion that DIS and Hartford are prejudiced by the current schedule is unconvincing.  However, their observations regarding the Court's congested calendar are accurate.  The Court appreciates Plaintiff's desire to see this matter through to resolution sooner rather than later.  However, as a practical matter, this case cannot proceed as a scheduled in April 2021 given the Court's congested civil and criminal dockets, the existence of yet more discovery disputes amongst the parties, the inordinate expenditure of judicial resources this case continues to require, and the Court's need to carve out sufficient time for consideration of Defendants' pending Motion for Summary Judgment.  Consequently, the Court finds that good cause exists to continue the final pretrial conference and trial.

In regards to Plaintiff's recent expert disclosures, his account of the December 2020 status conference is more or less accurate.  During the status conference, there was a discussion regarding Plaintiff's expert disclosures and the viability of the existing pretrial deadlines.  At the close of this conference the Court urged Plaintiff to make his disclosures as soon as practicable but no later than mid-January 2021.  It also advised the parties of its present intent to preserve the existing trial date.  However, circumstances have since changed that necessitate a continuance of trial.

Insofar as Defendants have requested an extension of the dispositive motion deadline, their

motion is denied as they have a filed a Motion for Summary Judgment.

Insofar as Defendants are requesting to strike Plaintiff's experts, their motion is denied without prejudice.  As the Court had urged Plaintiff at the conclusion of the status conference in December 2020 to disclose his experts by mid-January 2021, it is not at present inclined strike the experts he disclosed on January 8, 2021.

The Court shall hold a status conference with the parties to discuss new dates for the final pretrial conference and trial, how it intends to proceed in the interim, Defendants' pending Motion for Protective Order, and Plaintiff's pending Motions to Compel.

## III.   <u>CONCLUSION</u>

For the reasons set forth above, Defendants' motion (Doc. Nos. 170 and 174 ) is **GRANTED IN PART AND DENIED IN PART**.  Defendants' request for a continuance of trial is **GRANTED**. The final pretrial conference and jury trial scheduled for April 13 and 26, 2021, are cancelled with the understanding that they shall be rescheduled at a later date and time.  Defendants' request to extend the dispositive motion deadline is **DENIED**.  Defendant's request to strike 's experts is **DENIED** without prejudice.  The Court shall hold a status conference with the parties by telephone on March 8, 2021, at 1:30 PM by telephone.  To participate in the conference call, the parties should dial (877) 810-9415 and enter access code 8992581.

**IT IS SO ORDERED.**

Dated this 24th day of February, 2021.

*/s/ Clare R. Hochhalter*
Clare R. Hochhalter, Magistrate Judge
United States District Court
