IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Ronald F. Fischer, | ) |
|     Petitioner, | ) **ORDER GRANTING MOTION FOR** |
| | ) **RECONSIDERATION** |
| vs. | ) |
| | ) |
| United States Life Insurance Company | ) |
| in the City of New York, et al., | ) Case No. 1:19-cv-152 |
| | ) |
|     Defendants. | ) |

On February 3, 2021, Plaintiff filed a motion to compel discovery from United States Life Insurance Company ("USLI") and Disability Insurance Specialists, LLC ("DIS"). (Doc. No. 190). At issue were USLI's and DIS's responses to several of his interrogatories and requests for production. On November 16, 2021, the court issued an order granting the motion as it pertained to USLI and denying the motion as it pertained to DIS. (Doc No. 278).

On November 17, 2021, Plaintiff filed a Motion for Reconsideration. (Doc. No. 279). He asks the court to reconsider its order denying his motion to compel at it pertained to DIS. Additionally, he seeks leave to continue the Rule 30(b)(6) depositions of the corporate representatives of USLI, DIS, and Hartford Life and Accident Insurance Company ("Hartford") on the subject of punitive damages. The motion has now been fully briefed and is ripe for the court's consideration.

The court has reviewed the record and finds that it improvidently denied plaintiff's motion to compel as it pertained to the DIS. The court's basis for denying plaintiff's motion to compel as to DIS was that Plaintiff's claims against DIS were no longer pending. This was inaccurate; Plaintiff's claims against DIS remain active. Consequently, the court **GRANTS** plaintiff's motion

(Doc. No. 279).

DIS objections to Plaintiff's interrogatories and requests for production at issue mirrored those made by USLI. For the reasons previously articulated when granting Plaintiff's motion to compel discovery as it pertained to USLI, the court now **GRANTS** plaintiff's motion to compel discovery (Doc. No. 190) as it pertains to DIS. DIS shall have until December 22, 2021, to supplement its responses to Plaintiff's second set of interrogatories (Interrogatory Nos. 1 and 2, Set 2) Plaintiff's second set of production requests (Request for Production Nos. 1-4, Set 2). The court shall next address Plaintiff's request that he be permitted to continue the Rule 30(b) depositions of USLI and DIS. The court shall speak to Plaintiff's request to continue the Rule 30(b)(6) deposition of Hartford in a separate order addressing Plaintiff's motion to compel discovery from Hartford.

The court in its discretion is inclined to allow Plaintiff to continue his Rule 30(b)(6) depositions of USLI's and DIS's designated representatives, albeit with some temporal constraints. Plaintiff shall have a maximum of four hours to complete the Rule 30(b)(6) deposition of USLI's designated representative and a maximum of four hours to complete the Rule 30(b)(6) deposition of DIS's designated representative. These depositions may be conducted either in person or remotely via video or web conference. Plaintiff shall complete these depositions by January 7, 2022, unless the parties can agree to a later date.

**IT IS SO ORDERED.**

Dated this 8th day of December, 2021.

                                                       */s/ Clare R. Hochhalter*
                                                       Clare R. Hochhalter, Magistrate Judge
                                                       United States District Court